UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
| In Re: | ) | Chapter 7 |
| WILLIAM R. MEARA | ) | Case No. 14-12998-WCH |
| BRENDA J. MEARA | ) |  |
|     Debtors | ) |  |

------------------------------------

OBJECTION OF DEBTORS TO NOTICE OF INTENDED PRIVATE SALE
OF ESTATE PROPERTY AND NOTICE OF INTENDED
<u>ASSIGNMENT OF CONTRACTS – DOCUMENT 64</u>

To the Honorable William C. Hillman, Bankruptcy Judge:

The above captioned Debtors, by and through their undersigned Counsel, submit the following opposition to the Notice of Intended Private Sale of Estate Property and Notice of Intended Assignment of Contracts – Document 64 (hereinafter collectively the "Documents"). Pursuant to an Order of this Court, Objections are due on June 11, 2015, and a hearing is scheduled on June 17, 2015 at 9:30 A.M.

The Debtors assert that they have standing to submit this Opposition because if the objection is accurate there will be funds available over and above the funds for payment in full of all creditors and expenses of administration.

1. The Debtors do not believe that complete and accurate financial records have been delivered to the Trustee by Vector/Meara Transit Advertising Group LLC (hereinafter "Vector"). The Debtors believe an audit of the records of Vector is the only method by which a correct and accurate valuation of the assets can be determined.

2. For many years prior to the filing of this case, Mr. Meara had been attempting to obtain financial information from Vector which was not provided. Mr. Meara was a

1

partner in Vector and formulated a business plan in 2005 when Vector was billing $18 Million Dollars and today Vector has sales in excess of $100 Million Dollars. Vector had not shared profits over the past eighteen (18) months which should increase the value of Mr. Meara's claim.

3. In 2006 to 2013, the amount of $45 Million was billed solely on the Las Vegas contract and did not include Signage Production.

4. In addition, various assets, namely ten (10) year contracts in Boston & San Francisco Taxi Top Category in 2012-2013, plus Boston Coach and Sphinx Transit New York contracts add significant value to the Vector assets being sold by the Trustee.

5. Mr. Meara believes, given the value of all the contracts, the assets are worth a minimum of $680,000.00.

6. Mr. Meara started this company and became a victim of Vector's business decisions. When the Las Vegas transit contract was awarded August 18, 2013, Vector stopped his monthly income of $6,900.00.

7. The Trustee recently informed Counsel to the Debtor that Vector would not consent to the disclosure of the financial and corporate records (the "Documents") to Mr. Meara.

8. A review by Mr. Meara of these Documents is a key element to determine an accurate valuation and a fair and reasonable sale price for the assets.

9. Mr. Meara will appear at the hearing on June 17, 2015 to provide any testimony necessary for the Court.

WHEREFORE, the Debtor requests that this sale not be approved until such time as all documentation delivered to the Trustee by Vector be delivered to Mr. Meara so he may provide

the Trustee additional information to help determine a reasonable and accurate sale price for the assets of Vector.

                                                William R. Meara
                                                Brenda J. Meara
                                                By their Counsel,

Dated: June 11, 2015                            /s/Gary W. Cruickshank, Esq.
                                                21 Custom House Street
                                                Suite 920
                                                Boston, MA 02110
                                                (617) 330-1960
                                                gwc@cruickshank-law.com
                                                (BBO107600)

## CERTIFICATE OF SERVICE

     I, Gary W. Cruickshank, hereby certify that a copy of the attached Objection has been served electronically, unless otherwise noted, via regular United States mail, postage prepaid, upon the following added creditors:

| | |
|---|---|
| United States Trustee<br>John W. McCormack Post Office<br>and Courthouse<br>5 Post Office Square, 10th Floor<br>Suite 1000<br>Boston MA 02109 | Warren E. Agin, Esq.<br>Swiggart & Agin<br>Trustee in Bankruptcy<br>197 Portland Street, 4th Flr.<br>Boston MA 02114 |
| Christopher Carter, Esq.<br>Bingham McCutchen, LLP<br>Counsel to Las Vegas Transit Advertising<br>One Federal Street<br>Boston MA 02110 | Internal Revenue Service<br>P.O. Box 8208<br>Philadelphia PA 19101 |
| Internal Revenue Service<br>SPS JFK Bldg.<br>PO Box 9112<br>Stop 20800<br>Boston MA 02203 | |

Dated: June 11, 2015                            /s/Gary W. Cruickshank, Esq.

3